OPINION
 {¶ 1} Plaintiff-Appellant, Emily McKowen, appeals a judgment of the Greene County Common Pleas Court, awarding the defendant $994 as a sanction for a discovery violation, pursuant to Civ.R. 30(G)(1). Appellant asserts that the trial court erred in making [D1] the award because there was no evidence that the attorney fees were reasonable. Finding that the trial court did not abuse its discretion, we affirm.
 {¶ 2} Appellant's counsel noticed the defendant and certain witnesses for a deposition that was scheduled for May 19, 2005, at the office of the appellant's counsel. Defense counsel and the witnesses appeared for the deposition; however, because of an error in appellant's counsel's office, a court reporter had not been secured. After no court reporter could be located, it was determined that the deposition could not go forward, and it became necessary to reschedule the deposition.
 {¶ 3} Subsequently, defense counsel moved the court for sanctions pursuant to Civ.R. 30(G)(1) supported by an affidavit of one of the defense attorneys of the fees and costs incurred for attendance at the failed depositions.
 {¶ 4} The trial court granted the motion, awarding to defendant the amount set forth in the affidavit, $994.00. It is from this judgment that the plaintiff appeals, setting forth one assignment of error.
 "Assignment of Error {¶ 5} "The trial court erred in awarding defendant-appellee counsel fees and costs in the amount of $994.00 to be paid by counsel for the plaintiff-appellant for an "unintentional mistake" made in the discovery process because such award was not reasonable based on all of the facts an circumstances in the case."
 {¶ 6} We first note that Appellee failed to file a brief in the instant matter. Therefore, pursuant to App.R. 18(C) we are permitted to accept Appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if Appellant's brief reasonably appears to sustain such action.
 {¶ 7} Appellant argues that the trial court abused its discretion in awarding the attorney fees and travel expenses because the reasonableness of these fees and expenses was not established by the affidavit of opposing counsel, which was the basis for the award.
 {¶ 8} Under Civ.R. 30(G), the trial court may award sanctions where the discovering party fails to proceed with the deposition and another party attends in person or by attorney pursuant to the notice. The sanction provided is an award of the reasonable fees and expenses incurred by the other party and his attorney in attending the failed deposition. It is clear that the trial court is not limited in its award to attorney fees only, but that it may also consider any reasonable expenses incurred by the parties.
 {¶ 9} In Jeffers v. Olexo (Jan. 11, 1988), Belmont App. #86B24, 86B44, 86B45, and 87B9, unreported, reversed on other grounds43 Ohio St.3d 140, an award of attorney fees was affirmed because a deposition was delayed for an hour and a half awaiting the location of a court reporter. In Olexo, there was no award of expenses because, unlike herein, after the delay, the depositions did go forward on the appointed day.
 {¶ 10} It is exclusively within the discretion of the trial court to determine an appropriate sanction for a discovery infraction. Russo v.Goodyear Tire Rubber Co. (1987), 36 Ohio St.3d 174, 178. And, a reviewing court may not substitute its judgment for the trial court. Our only inquiry into an award is to determine that the court did not act arbitrarily. Therefore, our standard of review on whether a sanction is imposed is abuse of discretion.
 {¶ 11} Nonetheless, in this matter, the appellant also contends that the trial court's award of Eight Hundred Eighty Dollars ($880.00), as the amount of the sanction, was not supported by sufficient evidence. Specifically, McKowen asserted that opposing counsel presented no evidence of the attorney fees regularly charged in the area for said work, the skill required to handle the matter, or that the fees were reasonable. McKowen does not dispute that opposing counsel devoted four hours of her time in attending the failed deposition.
 {¶ 12} It appears from the appellant's statement of the case, that the amount of the sanction granted was based on the affidavit filed by the appellee's counsel, setting forth her hourly rate and the mileage incurred by her client and herself. While the trial court's judgment entry reflects an acknowledgement that the failure to obtain a court reporter for the deposition "was an obviously unintentional mistake," the appellee was inconvenienced and was billed for legal representation at the failed deposition. Also, it is not unusual for parties to hire out-of-town counsel, and the appellant knew for months prior to the scheduled deposition that opposing counsel was from Columbus. Therefore, we cannot say that the trial court abused its discretion in sanctioning the appellant. Furthermore, the trial court could take judicial notice that the hourly rate of Two Hundred Twenty Dollars ($220.00), and mileage at the rate of forty cents ($.40) per mile was reasonable for attending a deposition in defending a defamation claim in a common pleas court. Therefore, the evidence was sufficient to support the amount of the sanction awarded.
 {¶ 13} Appellant's assignment of error is overruled.
 {¶ 14} The judgment of the Greene County Common Court is hereby affirmed.
BROGAN, J. and WOLFF, J., concur.